IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>DAVID O. HENDRICKSON; LORI R. HENDRICKSON; LORI R. HENDRICKSON AND DENZEL G. WILLIAMS AS TRUSTEES FOR D.L. FAMILY TRUST; ZIONS FIRST NATIONAL BANK; WELLS FARGO BANK,<br><br>          Defendants. | ORDER OF FORECLOSURE<br><br>AND DECREE OF SALE<br><br><br>Case No. 1:09-CV-166-TC |

On February 3, 2012, the court granted summary judgment against Defendants. The judgment imposes federal tax assessments against David O. and Lori R. Hendrickson ("Hendricksons") and forecloses federal tax liens against the Hendricksons against the real property located at 1660 E Wasatch Drive, Ogden, Utah 84403, and legally described as follows:

> All of Lot 6, LAKEVIEW RIDGE SUBDIVISION NO. 1, Ogden City, Weber County, Utah, according to the official plat thereof, on file and of record in the Weber County Recorder's Office

(the Property). Based on the judgment, and statutory authority under 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the court ORDERS as follows:

      1.      The United States Marshal for the District of Utah, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized

and directed under 28 U.S.C. §§ 2001 and 2002 to offer the Property for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order.

    2.    The Marshal, his representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed to the Property is delivered to the ultimate purchaser.

    3.    The terms and conditions of the sale are as follows:

        a.    The sale of the Property shall be free and clear of any interests of the Hendricksons, D.L. Family Trust, Wells Fargo Bank, and Zions First National Bank;

        b.    The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

        c.    The sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

        d.    The date and time for sale are to be announced by the United States Marshal, his representative, or a PALS;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Salt Lake County, and, at the discretion of the Marshal, his representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f. The minimum bid will be set by the Internal Revenue Service for the Property. If the minimum bid is not met or exceeded, the Marshal, his representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

g. The successful bidder for the Property shall be required to deposit at the time of the same with the Marshal, his representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Utah. Before being permitted to bid at the sale, bidders shall display to the Marshal, his representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if that person is the successful bidder, that person can make the deposit required by this

order of sale;

h. The balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Utah. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of the Hendricksons at issue herein. The Property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

i. The sale of the Property shall be subject to confirmation by this court. The Marshal or a PALS shall file a report of sale with the court, together with a proposed order of confirmation of sale and proposed deed, within forty days from the date of receipt of the balance of the purchase price;

j. On confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

k. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l. On confirmation of the sale, the recorder of deeds, Weber County, Utah,

        shall cause transfer of the Property to be reflected on that county's register of title; and

    m.    The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.    Until the Property is sold, the Hendricksons and their relatives shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5.    All persons occupying the Property shall leave and vacate the Property permanently within sixty days of the date of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS. Specifically, the United States Marshal (or his designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and

evict and eject all unauthorized persons located there, including the Hendricksons, and any occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Property or remain thereon without the express written authorization by the United States Marshal, the Internal Revenue Service, the United States Department of Justice, or their respective representatives or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the court.

6.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the court for further distribution.

7.  The proceeds arising from sale are to be paid to the clerk of this court and applied as far as they shall be sufficient to the following items, in the order specified:

    a.  To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

    b.  To all taxes unpaid and matured that are owed (to county, city or school

        district) for real property taxes on the Property and any other unpaid local taxes; and

    c.    To Wells Fargo Bank, pursuant to the stipulation regarding priority filed in this action (Dkt. No. 18);

    d.    To Zions First National Bank, pursuant to the stipulation regarding priority filed in this action (Dkt. No. 17);

    e.    To Lori R. Hendrickson, for her one-half interest in any proceeds remaining after the above disbursement, less the amount due to the United States for the unpaid balance of the Hendricksons' federal income tax liabilities for the years 1991 and 1993, plus all interest and penalties due and owing thereon;

    f.    To the United States, without reduction for registry fees,[1] for the unpaid balance of the Hendricksons' federal income tax liabilities for the years 1991 and 1993, plus all interest and penalties due and owing thereon, and for the unpaid balance of David O. Hendrickson's federal income tax liabilities for the years 1995-2000, plus all interest and penalties due and owing theron; and

---

[1] Any registry fees charged against the registry funds shall be included in the funds disbursed to the United States. "In cases where the United States Government is a party to the action underlying the registry investment, the funds initially withheld in payment of the [registry] fee may be restored to the United States upon application filed with the court by . . . government counsel." 56 FR 56356-01; see also Housekey Fin. Corp. v. Hofer, No. CTV-F-00-6054REC, 2001 WL 429821 at *1 (E.D. Cal. Mar. 23, 2001) (ordering the Clerk to disburse all registry funds to the United States "undiminished by any registry fees assessed").

      g.      Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

SO ORDERED this 3rd day of February, 2012.

                              BY THE COURT:

                              *Tena Campbell*

                              _____
                              TENA CAMPBELL
                              United States District Judge